IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BRITTANY HAMILTON, | Civil Action No.  CV423-227 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| FREEPORT TRANSPORTATION LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Brittany Hamilton ("Plaintiff" or "Ms. Hamilton"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Freeport Transportation LLC ("Defendant") for violations of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and state causes of action for negligent and wrongful hiring, retention, and supervision; negligent failure to prevent sexual harassment, and intentional infliction of emotional distress.

### JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

1

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 25, 2023 and amended the charge on July 28, 2023.

5.

Plaintiff on July 28, 2023 requested a "Notice of Right to Sue" from the EEOC.

6.

Plaintiff files this Complaint both to preserve the statutes of limitations for her 42 U.S.C. § 1981 and state law claims and so that any cause of action under 42 U.S.C. § 1985(2) will ripen. Contemporaneously with the filing of this Complaint, Plaintiff moves to stay responsive pleading and discovery pending receipt of Plaintiff's "Notice of Right to Sue" from the EEOC.

## PARTIES

7.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under

2

the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Dennis Wills, located at 102 Kelly Avenue, Rincon, GA 31326.

**FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about June 22, 2022 and worked as a driver for the duration of her employment.

11.

Plaintiff was compensated based on the loads she hauled, and those funds were distributed both to Plaintiff and to Dave Perotti. Mr. Perotti owns the truck Ms. Hamilton drove and leased that truck to Freeport Transportation.

12.

On or about December 13, 2022, Freeport Mechanic Chris Wendelken (white male) forwarded Plaintiff the below screenshots of a group text message, just before Mr. Wendelken resigned his job at Freeport Transportation. Included in the group were Mr. Wendleken (who did not contribute to the messages in question); Freeport Human Resources and Safety Manager Tina Sutton (white male); Ms. Sutton's assistant, Michelle Cox (white female); and Freeport Head Mechanic Jordan Waters (white male).



---

[1] In light of Ms. Sutton's comments, described in Paragraphs 19-23 below, Plaintiff reasonably believes that Waters message contains a typo. "Rape us" was meant, not "rap us."









13.

Upon learning of these text messages, Plaintiff was devastated. She cried unconsolably to Wendleken and was forced to seek therapy.

14.

Plaintiff, a single mother, nonetheless was forced to remain at Freeport Transportation to provide for her children.

15.

Plaintiff and Mr. Wendleken each separately showed the text messages in Paragraph 12 above to a co-worker, who in turn told other individuals at Freeport Transportation.

16.

This resulted in the text messages in Paragraph 12 being common knowledge among the employees, management, and ownership of Freeport Transportation, including, on information and belief, CEO Dennis Wills.

17.

Upon learning that Plaintiff had seen the text messages in Paragraph 12 in January 2023, Tina Sutton approached Plaintiff, mentioned the text messages, and asked, without remorse, "Are you good? 'Cuz you know we play like this."

18.

Coming from Sutton, who works as Human Resources Supervisor, these comments were particularly disturbing for the Plaintiff, in describing the kind of working environment Freeport Transportation was fostering.

19.

In addition to the racist and sexually harassing text messages in Paragraph 12 above, Sutton regularly made humiliating sexually harassing comments about Plaintiff in the presence of male colleagues, both before an after the text messages above were sent.

20.

Examples of Ms. Sutton's comments include, "I know when you get off work, you're going to your second job at the stripper pole. I'm not mad, get that money"; "Oh your boyfriend [pointing to a coworker] is saying he had you bent over in his truck"; "Terrance said he is waiting for you downstairs and he is going to bend you over like that."

21.

Sutton often claimed that male colleagues talked about having sex with Plaintiff, which made Plaintiff feel very uncomfortable as she had not invited any such conduct from any coworker.

22.

Sutton made these comments almost every time she saw Plaintiff, which was several times each week.

23.

In or about early April 2023, Sutton flagged down Plaintiff in the presence of male drivers and said the following: "Brittany, what the hell? You had the perfect chance to rape Jordan, and you didn't do it! Didn't I tell you to rape Jordan? I'll pay you to do it! I know you need the money."

24.

On April 25, 2023, Rosemary Kellar (Freeport dispatch, white female) called Plaintiff into a meeting with April Emanuel (Freeport dispatch, white female) and Taylor Waters (Freeport payroll, white female). Plaintiff was told that Freeport CEO Dennis Willis and his wife, Ginger Willis, would be joining the meeting and that the subject of the meeting was the text messages

10

between Tina Sutton, Michelle Cox, and Jordan Waters, in Paragraph 12, above. Plaintiff was instructed to show the text messages to Rosemary Kellar, April Emanuel, and Taylor Waters and did so. Plaintiff then learned that Taylor Waters was both the wife of Jordan Waters—who participated in the text messages and said in them that Plaintiff wanted to rape him—and the daughter of Freeport CEO Dennis Willis. Plaintiff became extremely uncomfortable and asked to leave the meeting.

25.

On April 25, 2023, Plaintiff filed her initial Charge of Discrimination with the EEOC.

26.

On April 25, 2023, Rosemary Kellar told Plaintiff that business with Freeport Transportation was increasing, and Ms. Kellar did not know whether Freeport Transportation had enough drivers to cover loads.

27.

Immediately upon Freeport Transportation being notified of Plaintiff's Charge of Discrimination having been filed, Plaintiff was assigned drastically fewer loads, and Plaintiff's pay decreased to between approximately $200 and $400 per week.

28.

Plaintiff was told that she had been assigned fewer loads because work was slow. However, that claim is contradicted by the statement of Rosemary Kellar that business had increased. Further, no other drivers saw a commensurate decrease in work.

29.

Plaintiff saw her loads, hours, and pay reduced in retaliation for the filing of her EEOC charge.

11

30.

On June 29, 2023, Freeport Transportation CEO Dennis Willis received a letter of representation and offer of settlement from Plaintiff's counsel.

31.

Approximately thirty (30) minutes after Willis received a letter of representation and offer of settlement from Plaintiff's counsel, Plaintiff received a phone call from Ginger Willis, Dennis Willis's wife, stating that Freeport Transportation's insurance had dropped coverage of Plaintiff and that Plaintiff was therefore being terminated.

32.

Plaintiff repeatedly requested from Freeport Transportation documentation that Freeport Transportation's insurance had dropped coverage of Plaintiff. However, none was provided.

33.

Dave Perotti, who owns the truck Plaintiff drove for Freeport Transportation and leases that truck to Freeport Transportation, also requested documentation that Freeport Transportation's insurance had dropped coverage of Plaintiff. However, none was provided.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

35.

Plaintiff was one of three female drivers employed by Freeport Transportation at the time she was hired and was the only female driver employed by Freeport Transportation at the time of her discharge.

36.

Plaintiff was paid significantly less than her male counterparts, despite having experience equal to or, in most cases, greater than her male counterparts.

37.

For example, in one case, Plaintiff and another driver, John, hauled the same load on the same day to the same city. John, however, was compensated forty percent (40%) more for his load.

38.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., African-American Female.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

40.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

43.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

44.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

46.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

49.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

50.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

52.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

53.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

54.

15

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

55.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

56.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

57.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

58.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

59.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

60.

16

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT V:  VIOLATION OF 42 U.S.C. § 1981

61.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

62.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race (African-American).

63.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

64.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

65.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

66.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated, and has suffered damage to her emotional health, and has lost back pay and front pay.

67.

17

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

68.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## COUNT VI:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

69.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

70.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

71.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

72.

There was a causal connection between the protected conduct and the adverse action.

73.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

## COUNT VII: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

74.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

75.

On a consistent basis during Plaintiff's employment, Tina Sutton subjected her to sexual harassment.  Plaintiff  was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advances, comments, sex based comments, sexual innuendo, and other sexually charged conduct.  This sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

76.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Freeport Transportation LLC has intentionally engaged in unlawful employment practices in violation of Title VII.

77.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of sex.

78.

As a direct and proximate result of Freeport Transportation LLC's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## COUNT VIII: CLAIMS FOR RELIEF UNDER CIVIL RIGHTS ACT OF 1991

79.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

80.

19

Defendant Freeport Transportation LLC permitted its employee to act in a hostile manner towards Plaintiff and other employees, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

81.

As a direct and proximate result of Defendant Freeport Transportation LLC's unlawful employment practices, Plaintiff has been embarrassed, humiliated, and has suffered damage to her emotional health.

82.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

## COUNT IX: STATE LAW CLAIMS FOR RELIEF AGAINST FREEPORT TRANSPORTATION LLC NEGLIGENT AND WRONGFUL HIRING, RETENTION AND SUPERVISION

83.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

84.

Defendant Freeport Transportation LLC knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees to engage in sexually offensive conduct toward other employees, and Brittany Hamilton in particular.

85.

20

Defendant Freeport Transportation LLC nevertheless failed and refused to act to protect Brittany Hamilton.

86.

Defendant Freeport Transportation LLC is thus liable to Brittany Hamilton for all of the damages sustained as a result.

## COUNT X: NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

87.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

88.

Defendant Freeport Transportation LLC had a duty to prevent sexual harassment in the workplace.

89.

Defendant Freeport Transportation LLC failed to use ordinary care to prevent sexual harassment in the workplace, causing Brittany Hamilton to be sexually harassed.

90.

The conduct of Defendant Freeport Transportation LLC was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

91.

Defendant Freeport Transportation LLC is thus liable to Brittany Hamilton for all of the damages sustained as a result.

## COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

93.

Defendant's conduct was extreme and outrageous.

94.

Defendant intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

95.

Defendant's conduct actually caused severe emotional distress.

96.

Defendant is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Date: August 11, 2023

**BARRETT & FARAHANY**

s/ *Constance Cooper*

Constance Cooper
Georgia Bar No. 469041
Counsel for Plaintiff Brittany Hamilton

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
constance@justiceatwork.com